# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **LAW OFFICES OF SHERROD SEWARD, PLLC** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**UNITED STATES CITIZENSHIP AND** )<br>**IMMIGRATION SERVICES** )<br>)<br>**Defendant.** )<br>) | Case No.: _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief seeking disclosure and release of responsive agency information unlawfully withheld from Plaintiff Law Offices of Sherrod Seward, PLLC (Plaintiff) by Defendant United States Citizenship and Immigration Services (USCIS or Defendant). With this Complaint for Declaratory and Injunctive Relief (Complaint), Plaintiff challenges Defendant's refusal to conduct a legally adequate search for all responsive agency information as mandated by FOIA, Defendant's refusal to produce all segregable responsive agency information in its possession in violation of FOIA, and Defendant's refusal to produce the lawfully required *Vaughn* index as required by FOIA and D.C. Circuit Court precedent. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *on remand to*, 383 F.Supp. 1049 (D.D.C. 1974), *judgment aff'd*, 523 F.2d 1136 (D.C.Cir. 1975)(The government must provide detailed justification of its exemption claims, and it must specifically itemize and index each document or portion thereof so as to show which were disclosable and which were exempt); *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir.2010) (citing *Cooper Cameron Corp. v. United States Dep't of Labor,* 280 F.3d 539, 543 (5th Cir.2002)("Thus, in a FOIA case, a court 'generally will grant an agency's motion for summary

1

judgment only if the agency identifies the documents at issue and explains why they fall under exemptions.'").

2. This lawsuit is brought due to Defendant's refusal to adequately search for and produce all nonexempt responsive agency information in Defendant's possession; thus, forcing Plaintiff to file the instant lawsuit after Plaintiff's administrative FOIA remedies have been exhausted. In support of Plaintiff's Complaint, Plaintiff alleges as follows:

## II. PARTIES

3. Plaintiff Law Offices of Sherrod Seward, PLLC lawfully operates a law office within the Western District of North Carolina. Plaintiff requested very specific information, which is in the possession of Defendant USCIS. Plaintiff has requested the specific information pursuant to FOIA, 5 U.S.C. § 552.

4. United States Citizenship and Immigration Services is an agency within the U.S. Department of Homeland Security, which has custody and control of the specific agency information requested by Plaintiff. USCIS is an agency within the meaning of FOIA, 5 U.S.C. § 552(f).

## III. JURISDICTION

5. This action arises under the Freedom of Information Act, 5 U.S.C. § 552. This Honorable Court has subject matter jurisdiction and personal jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii) (Freedom of Information Act). This Honorable Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) as this action arises under the Freedom of Information Act, 5 U.S.C. § 552.

6. The aid of this Honorable Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

## IV. VENUE

7. Venue lies in the United States District Court for the Western District of North Carolina pursuant to 5 U.S.C. § 552(a)(4)(B).

## V. TIME FOR DEFENDANT TO RESPOND

8. Pursuant to FOIA, 5 U.S.C. § 552(a)(4)(C), Defendant has thirty (30) days to respond to the instant Complaint.

## VI. LEGAL FRAMEWORK

9. FOIA was passed with the intent to allow individuals access to information under government control. When a FOIA request for information is made to a federal government agency, that agency has twenty (20) working days to respond to the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency may grant itself a ten (10) working day extension where "unusual circumstances" exist, but the agency must notify the FOIA requester by "written notice to the person making such request setting forth the unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). Where an agency has failed to respond to a FOIA request within the mandated time period, the person making the FOIA request is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i). The FOIA requester may then file suit in the federal district court to enforce the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B). On complaint, the U.S. District Court may "enjoin the agency from withholding agency records and ... order the production of any agency records improperly withheld from complainant" ... "and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). Thus, unlike other civil actions where the burden of proof is generally on the plaintiff, in a FOIA lawsuit the burden of proof on <u>every element</u> of the law is <u>on the federal agency defendant</u> to prove by <u>clear and convincing evidence</u> that it did not violate FOIA. *Id*.

10. Plaintiff has exhausted its FOIA administrative remedies with USCIS, and USCIS has failed to conduct a legally adequate search for all of the requested agency information in its possession. In addition, USCIS has not produced the requested nonexempt agency information to Plaintiff. Therefore, USCIS is in violation of FOIA, 5 U.S.C. § 552.

## VII. STATEMENT OF FACTS

### a. Plaintiff's FOIA Request with USCIS

11. On March 29, 2024, Plaintiff properly filed a FOIA request for specific information from USCIS pursuant to the Freedom of Information Act via the USCIS online FOIA filing portal.

12. On April 4, 2024, USCIS sent a letter to Plaintiff acknowledging receipt of Plaintiff's properly filed FOIA request; and USCIS refused to search for any of the requested records. The FOIA receipt number is NRC2024162723.

13. On April 9, 2024, Plaintiff properly filed an administrative FOIA appeal to USCIS due to Defendant's refusal to search for the requested information.

14. On April 30, 2024, USCIS issued a notice to Plaintiff that it was remanding his FOIA request for USCIS to conduct a search for the requested information. The FOIA appeal receipt number is APP2024000936.

15. On May 1, 2024, USCIS sent a letter to Plaintiff acknowledging receipt of the remand of Plaintiff's properly filed FOIA request. The FOIA remand receipt number is REM2024000004.

### b. USCIS has violated FOIA

16. Plaintiff has received no production of information from USCIS. In addition, the lawfully required Vaughn index fully describing the search methods employed and individually describing the lawful basis for each exemption on each page of information has not been produced by USCIS to Plaintiff as mandated by FOIA. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *on remand to*, 383 F.Supp. 1049 (D.D.C. 1974), *judgment aff'd*, 523 F.2d 1136

(D.C.Cir. 1975)(The government must provide detailed justification of its exemption claims, and it must specifically itemize and index each document or portion thereof so as to show which were disclosable and which were exempt); *Batton v. Evers*, 598 F.3d 169, 173 (5th Cir.2010)("the district court abused its discretion by failing to order a *Vaughn* index").

17. USCIS' refusal to search for and produce the requested nonexempt agency information in its possession is not attributable to Plaintiff.

## VIII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA requests to USCIS; and there are no further administrative acts that Plaintiff can take to obtain the agency information to which Plaintiff is entitled. Plaintiff's only remedy remaining is by way of this Complaint. *See* 5 U.S.C. § 552(a)(6)(C).

## IX. FOIA ATTORNEY'S FEES

19. Plaintiff seeks an award of its attorney's fees, costs and expenses under FOIA, 5 U.S.C. § 552(a)(4)(E). *See Gahagan v. U.S. Citizenship and Immigration Services*, 2016 WL 1110229 (E.D.La.2016)(Brown, J.); *Gahagan v. United States Customs and Border Protection*, 2016 WL 3090216 (E.D.La.2016)(Brown, J.); *Hernandez v. U.S. Customs and Border Protection Agency*, 2012 WL 398328 (E.D.La. 2012)(Barbier, J.).

## X. FIRST CAUSE OF ACTION
## FREEDOM OF INFORMATION ACT VIOLATION, 5 U.S.C. § 552

20. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19 as if set forth fully herein.

21. USCIS is unlawfully withholding the requested nonexempt agency information, in violation of 5 U.S.C. § 552.

22. USCIS has violated FOIA by failing to produce all nonexempt agency information responsive to Plaintiff's FOIA request in its possession within the twenty (20) working day responsive time period set forth at 5 U.S.C. § 552(a)(6)(A)(i)-(ii).

## XI. PRAYER FOR RELIEF

23. WHEREFORE, Plaintiff respectfully prays this Honorable Court to:

    a. Assume jurisdiction over this matter;

    b. Order USCIS to conduct a legally adequate search for all requested information in Plaintiff's FOIA request, segregate all nonexempt information responsive to Plaintiff's FOIA request, produce forthwith all nonexempt information responsive to Plaintiff's FOIA request, and produce a *Vaughn* index of all responsive information withheld under claim of exemption;

    c. Enjoin USCIS from continuing to withhold any nonexempt agency information responsive to Plaintiff's FOIA request;

    d. Grant reasonable attorney's fees, costs and expenses pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E); and

    e. Grant such other relief as this Honorable Court may deem just and proper.

Respectfully submitted this 17th day of December, 2024.

*/s/ Morris F. McAdoo*
MORRIS FONVILLE MCADOO
McAdoo Law Group, PLLC
112 South Tryon Street
Suite 570
Charlotte, NC 28284
(704) 464-4426
morris@mcadoolawgroup.com
Counsel for Plaintiff

s/ Michael W. Gahagan, Esq.  
Michael W. Gahagan, Esq.  
La. State Bar #31165  
Gahagan Law Firm, L.L.C.  
3445 North Causeway Blvd., Ste. 524  
Metairie, LA. 70002  
Tel: (504) 766-9137  
Fax: (504) 814-1110  
MichaelGahagan@ImmigrationLawNewOrleans.com  
Counsel for Plaintiff

**VERIFICATION**

I, Sherrod Seward, Esq., being duly sworn upon oath, hereby state: I am a Member-Manager of the Plaintiff, Law Offices of Sherrod Seward, PLLC, in this case; and I verify that the information contained in the foregoing Complaint is true and correct to the best of my knowledge and belief.

Executed this 17th day of December, 2024.

s/ Sherrod Seward  
Sherrod Seward