UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-CV-00057-MEO-DCK

LAW OFFICES OF SHERROD
SEWARD, PLLC,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

Defendant.

**MEMORANDUM & ORDER**

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 12) and the parties' supplemental briefing on standing and venue (Doc. Nos. 22, 23), submitted pursuant to the Court's Order of April 17, 2026 (Doc. No. 19). For the reasons that follow, the Court will dismiss this matter under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing.

## I.    BACKGROUND

Plaintiff Law Offices of Sherrod Seward, PLLC filed this action on January 28, 2025, alleging that USCIS violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by refusing to search for and produce records responsive to a FOIA request submitted March 29, 2024, and by refusing to produce a Vaughn index (Doc. No. 1 at 1, 5–6). The administrative record, incorporated into the Complaint by reference, shows the following sequence: Plaintiff submitted a FOIA request on March 29, 2024 (Doc. Nos. 1 at 4; 13-1); USCIS denied the request in its entirety on April 4, 2024, on personal-privacy grounds and for lack of third-party authorization (Doc. Nos. 1 at 4;

13-2); Plaintiff administratively appealed on April 9, 2024 (Doc. Nos. 1 at 4; 13-3); USCIS remanded the request on April 25, 2024, finding the denial had not addressed the entire request but also finding the request "does not appear to reasonably describe what records you are seeking and is extremely broad and vague" (Doc. No. 13-4); and on May 1, 2024, USCIS issued a detailed, item-by-item response addressing each of Plaintiff's twenty-seven sub-requests, denying some on privacy grounds, denying others as improper requests for non-agency records, and inviting Plaintiff to supply clarifying information as to several others (Doc. No. 13-5). Nothing in the Complaint or the record before the Court reflects that Plaintiff ever responded to that invitation before filing suit some eight months later.

USCIS moved to dismiss under Rule 12(b)(6). By order dated April 17, 2026, the Court directed supplemental briefing on standing and venue, which the parties timely filed (Doc. Nos. 22, 23).

## II.     LEGAL STANDARD

Article III standing requires (1) an injury in fact that is concrete, particularized, and actual or imminent; (2) a causal connection between the injury and the challenged conduct; and (3) likely redressability by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is assessed as of the time suit is filed. *Davis v. FEC*, 554 U.S. 724, 733 (2008). Where prospective relief based on an alleged ongoing policy is sought, a plaintiff must show more than a "nebulous" assertion of the policy and a real, non-speculative threat of repetition. *See Haase v. Sessions*, 835 F.2d 902, 910–11 (D.C. Cir. 1987); *City of Los Angeles v.*

*Lyons*, 461 U.S. 95, 105, 109 (1983). In the FOIA context of delays in disclosing nonexempt documents, a "plaintiff must allege a pattern of prolonged delay amounting to a persistent failure to adhere to FOIA's requirements and that the pattern of delay will interfere with its right under FOIA to promptly obtain non-exempt records from the agency in the future. *Jud. Watch, Inc. v. United States Dep't of Homeland Sec.*, 895 F.3d 770, 780 (D.C. Cir. 2018).

FOIA supplies its own venue provision: an action may be brought "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983). Where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district in which it could have been brought. 28 U.S.C. § 1406(a). In addition, "A court may take judicial notice of information publicly announced on a party's web site, so long as the web site's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, No. 12-1724, 510 Fed. Appx. 223, 227 (4th Cir. Feb. 14, 2013) (unpublished) (quoting Fed. R. Evid. 201(b)); *see, e.g., Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) (collecting cases taking judicial notice of information posted on official public websites of government agencies).

## III. DISCUSSION

### A. Plaintiff lacks standing

FOIA's disclosure obligation runs to "any person" who submits a request that

"reasonably describes" the records sought and complies with the agency's published procedures. 5 U.S.C. § 552(a)(3)(A). The denial of that statutory entitlement is itself a cognizable Article III injury. *FEC v. Akins*, 524 U.S. 11, 21–25 (1998); *Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989). But the entitlement runs to the person who made the request.

Plaintiff's own briefing establishes that the FOIA petition was submitted by Sherrod Seward, individually, because "the USCIS FOIA portal requires an individual requester," with the PLLC listed only "as the practice context." (Doc. 23 at 3.) All correspondence, including Mr. Seward's written appeal of the denial of his request were made in his personal name and signature. On the face of the request and related correspondence, then, the statutory right of access under § 552(a)(3)(A) vested in Mr. Seward, not in the Law Offices of Sherrod Seward, PLLC. An entity that did not make the request is not the holder of the right the request created, whatever its relationship to the person who did. The PLLC is not the proper Plaintiff in this lawsuit, and its informational-injury theory fails at the threshold, independent of its corporate status. [1]

### B. Plaintiff's alternative theory of injury is not redressable by this action

Plaintiff separately alleges that USCIS's verification correspondence to third-

---

[1] Because the standing defect is dispositive, the Court does not decide whether the PLLC's post-injury change in registration status under North Carolina law independently defeats standing. The Court notes only that Plaintiff's timing argument—that standing is fixed "at the time of injury and filing," (Doc. No. 23 at 2)—does not obviously help Plaintiff on this record: the Complaint was filed January 28, 2025, after the PLLC's North Carolina authority had already lapsed on February 2, 2024. Standing measured "at filing" therefore appears to cut, if anything, against Plaintiff on this alternative theory.

party signatories caused lost client relationships and "hundreds of thousands of dollars" in damages. (Doc. No. 23 at 9.) Unlike a bare informational injury, this type of harm has "a close relationship" to interests traditionally protected at common law—tortious interference with business relations and reputational injury—and would ordinarily satisfy the concreteness requirement of *TransUnion v. Ramirez*, 594 U.S. 413, 425 (providing examples of concrete harm recognized at common law).

While concrete, however, the alleged harm is not redressable in this action. This is a FOIA action; the only relief the Complaint seeks is production of records. An order compelling disclosure does not restore severed client relationships or recover lost revenue already sustained. "[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. A FOIA disclosure order cannot redress a business-tort injury that has already occurred and is complete. To the extent Plaintiff's economic-harm allegations state a claim at all, they state one sounding in tort or under the APA, not one this FOIA action can remedy—and no such claim is pleaded here.

### C. Venue is improper

In a FOIA matter, venue is proper where (1) the plaintiff resides or has its principal place of business, (2) the relevant agency records are located, or (3) the District of Columbia. 5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d at 720.

Plaintiff's own submission to the North Carolina Secretary of State—attached as an exhibit to Defendant's brief and not disputed by Plaintiff—lists the PLLC's principal office address as 1717 N Street NW, Suite 1, Washington, D.C., with the

5

Charlotte address identified only as a registered office. (Doc. No. 22 at 6). Section 552(a)(4)(B) asks where the Plaintiff resides or has a principal place of business, not where it maintains a registered agent for service. On the plain text of the statute applied to Plaintiff's own filed record, the first venue prong points to the District of Columbia, not the Western District of North Carolina.

Plaintiff fares no better regarding the agency records' location, as USCIS records of this type are maintained at the National Records Center in Lee's Summit, Missouri, or the file storage facility in Harrisonburg, Virginia. (Doc. No. 22 at 8 & nn. 2–3). The Court takes judicial notice of this fact from the public government websites cited in Defendant's brief. Neither party identifies any agency records located in the Western District of North Carolina.

Venue in the Western District of North Carolina is therefore improper. Because the Court is dismissing this case for lack of standing, transfer of venue under 28 U.S.C. § 1406(a) is unnecessary.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff lacks Article III standing to pursue this action, and venue is improper in the Western District of North Carolina;

2. The Complaint is **DISMISSED** under Fed. R. Civ. P. 12(b)(1). Dismissal is without prejudice to the filing of a properly constituted action by the actual FOIA requester; and

3. Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) (Doc. No. 12) is

   **DENIED as moot**.

**SO ORDERED.**

Signed August 10, 2026

Matthew E. Orso
United States District Judge